**In the Matter of Syed M.J. Iqbal JAFREE, an attorney, Respondent-Appellant.**

No. 83–1319.

United States Court of Appeals, Seventh Circuit.

Argued March 30, 1984.

Decided Aug. 3, 1984.

As Corrected Oct. 16, 1984.

**134**

John S. Elson, Northwestern University Law School, Chicago, Ill., for respondent-appellant.

Gillum Ferguson, Asst. U.S. Atty., Chicago, Ill., for appellee.

Before ESCHBACH and POSNER, Circuit Judges, and SWYGERT, Senior Circuit Judge.

PER CURIAM.

This case concerns an order holding the appellant, Syed M.J. Iqbal Jafree, in contempt.[1] The proceeding was conducted by the Executive Committee of the United States District Court for the Northern District of Illinois pursuant to local rules governing attorney disciplinary proceedings.[2] We vacate the order of the Executive Committee and remand with directions to dismiss the rule to show cause.

## I

On July 30, 1982, the Executive Committee issued a rule to show cause directing the appellant to show why he should not be

---

1. The appellant was admitted to the bar of the Northern District of Illinois on March 26, 1974.

2. The Executive Committee is established pursuant to Rule 1.02 of the General Rules of the United States District Court for the Northern District of Illinois.

The General Rules also govern attorney disciplinary proceedings. The Rules provide that disciplinary powers are vested in the Executive Committee. Rule 3.51(a). With respect to hearings concerning attorney discipline, the Rule provides:

Rule 3.53
HEARING TO BE CONDUCTED BY THE EXECUTIVE COMMITTEE

Hearings under General Rules 3.50–3.69 may be conducted by the Executive Committee as a whole or, upon determination of the Executive Committee, by a panel of three of its members. The Executive Committee may designate any one of its members to conduct hearings and report his/her findings to the Committee or to the designated panel. When a member of the Executive Committee disqualifies himself/herself from participating or is unable to participate in a hearing, the Chief Judge may designate any other judge of this Court to serve with the Executive Committee for the purpose of such hearing and its determination.

held in contempt. Four grounds were cited. One ground was later dropped because it was the subject matter of a different action. The three remaining grounds were (1) the large number of pleadings filed by the appellant which contained irrelevant, untrue, and scurrilous allegations concerning the judges of the district court, (2) the large number of *ex parte* communications mailed or delivered by the appellant to the court which contained scurrilous accusations about the judges, and (3) an advertisement placed by the appellant in a local newspaper portraying an impending trial as a play, with the appellant in the starring role. The rule characterized this material as scurrilous, defamatory, and contemptuous. Three sanctions were threatened: disbarment, an injunction directing the clerk of the court to refuse to file any pleadings by the appellant, and contempt. Attached to the rule were 126 unindexed pages of pleadings, memoranda, letters, newspaper articles, and other documents. Included in these materials were documents accusing judges of corruption, prejudice, drunkenness, and either the giving or receiving of bribes. The rule was signed by Chief Judge McGarr on behalf of the Executive Committee. The appellant subsequently filed a number of motions to strike; all were denied. The appellant also moved to recuse Chief Judge McGarr and Judge Grady, a member of the Executive Committee, for bias; the motion was denied.

A hearing on the rule to show cause was scheduled for November 16, 1982. The appellant failed to appear and the matter was taken under advisement. In an order dated December 1, 1982, the court found that the appellant was the author of the documents attached to the rule to show cause. Based on that finding, the Executive Committee ruled the appellant in contempt. The Executive Committee sentenced the appellant to a five month suspended sentence, enjoined the clerk from accepting any pleadings from the appellant, and disbarred him. The appellant filed a timely notice of appeal.

## II

Although the appellant raises numerous issues on appeal, we find it necessary to reach only one: whether the proceeding before the Executive Committee violated Rule 42, Federal Rules of Criminal Procedure. Because this proceeding was principally a contempt trial and not an attorney disciplinary proceeding, compliance with Rule 42 was required.

█ Federal courts' contempt power is regulated by statute and rule. 18 U.S.C. § 401 (1976); Rule 42, Federal Rules of Criminal Procedure; *see United States v. Wilson*, 421 U.S. 309, 315 n. 6, 95 S.Ct. 1802, 1806 n. 6, 44 L.Ed.2d 186 (1975) (Rule 42 applies the contempt power defined in section 401). Section 401 recognizes two types of contempt: direct and indirect. Direct contempt is contumacious conduct committed in the actual presence of the court, *Matter of Heathcock*, 696 F.2d 1362, 1365 (11th Cir.1983), and may be punished summarily, *Wilson*, 421 U.S. at 316, 95 S.Ct. at 1806. "In the actual presence of the court" does not limit direct contempts to those which take place in a courtroom, but some degree of the formality usually found in the courtroom setting must accompany an exercise of the judicial function so that the proceedings are "in the actual presence of the court." *Matter of Heathcock*, 696 F.2d at 1366.

█ There are two further conditions which must be met before a contempt may be punished summarily. First, time must be of the essence in dealing effectively with the contempt. *Wilson*, 421 U.S. at 319, 95 S.Ct. at 1808; *United States v. Moschiano*, 695 F.2d 236, 251 (7th Cir. 1982), *cert. denied,* — U.S. —, 104 S.Ct. 110, 78 L.Ed.2d 111 (1983). Second, there must be some "compelling reason for an immediate remedy." *Id.* All other contumacious conduct is indirect contempt the exclusive remedy for which is provided by Rule 42(b). *Harris v. United States*, 382 U.S. 162, 167, 86 S.Ct. 352, 355, 15 L.Ed.2d 240 (1965) ("Rule 42(b) prescribes the 'procedural regularity' for all contempts in the

federal regime except those unusual situations envisioned by Rule 42(a) where instant action is necessary to protect the judicial institution itself" (footnote omitted)).

The appellant is charged, as indicated above, with three allegedly contumacious acts: (1) filing defamatory and contumacious pleadings, (2) mailing or delivering defamatory and contumacious *ex parte* communications, and (3) placing an advertisement in a local newspaper portraying an impending hearing as a play. All this conduct could amount only to indirect contempt. None of it took place before the court nor did it obstruct an ongoing judicial proceeding. Rule 42(b) therefore provides the exclusive procedure for dealing with the appellant's alleged conduct.

We hold that the proceeding was flawed in two ways in violation of Rule 42(b): first, the Executive Committee was an improper tribunal to try the contempt, and second, several of the judges on the Executive Committee improperly failed to recuse themselves.

At oral argument the assistant United States attorney, arguing on behalf of the Executive Committee, characterized the proceedings as an attorney disciplinary matter, thus justifying departure from Rule 42(b). We do not agree. The rule to show cause clearly demands that the appellant show why he should not be held in contempt. The rule also separately refers to the appellant's conduct as contumacious. The December 27, 1983, order appealed from clearly holds the appellant in contempt and sentences him to five months in prison (the sentence was suspended).

An attorney subject to discipline might face fine, censure, suspension, or disbarment, but he would not face imprisonment. True, the appellant was also disbarred. It is clear from the record, however, that the disbarment was one of three sanctions imposed on the appellant for his contempt. The disbarment can, in no manner, be separated from the contempt, and it cannot be used to justify a departure from the requirements of Rule 42(b).

■ Because the proceedings below were not an attorney disciplinary proceeding, the Executive Committee was not the proper tribunal to try the proceeding. The Executive Committee, established by local rules of the Northern District of Illinois, is charged with administering and conducting the business of the district court; it is solely an administrative body. The Executive Committee may conduct attorney disciplinary proceedings, but it may not hear contempt proceedings. *See* Rules 3.50–3.59, General Rules for the United States District Court Northern District of Illinois; 4 Wright & Miller, *Federal Practice and Procedure: Civil* § 1019 (1969). Procedure in a contempt hearing conducted pursuant to Rule 42(b) is no different than in any other criminal trial. 8B *Moore's Federal Practice* ¶ 42.05 (2d ed. 1983). Whatever else the Executive Committee may be, it is not a "court" empowered to conduct criminal trials. *Cf. United States v. Stone*, 411 F.2d 597, 598 (5th Cir.1969) (each judge in a multi-district court has the same powers and authority as each other judge). *See also Chandler v. Garrison*, 286 F.Supp. 18, 20 (E.D.La.1968) (although holding that three-judge court would exceed its authority to try contempt proceeding because the court had already determined a constitutional issue in the case and dissolved, the case suggests that to try contempt proceeding under any circumstances would exceed statutory authority of three-judge court; contempt proceeding tried before single-judge district court).

If, as we have determined, the Executive Committee exceeded its jurisdiction in holding the appellant in contempt, then we must also conclude that the Executive Committee lacked jurisdiction to issue the rule to show cause in the first place. The case must therefore be remanded with instructions to dismiss the rule to show cause.

Equally important, the proceedings below also failed to comport with the requirements of Rule 42(b) in that several of the district judges refused to recuse themselves. Rule 42(b) provides:

If the contempt charged involves disrespect to or criticism of a judge, that judge is disqualified from presiding at the trial or hearing except with the defendant's consent.

The appellant moved to recuse Chief Judge McGarr and Judge Grady; the motion was denied in an order signed by Chief Judge McGarr for the Executive Committee.

▇▇ Where the allegedly contumacious conduct so provokes the judge reviled that he or she becomes personally embroiled in the controversy, or where there is such a likelihood of bias or the appearance of bias that the judge is unable to hold the balance between vindicating the interests of the court and the interests of the accused, or where the conduct involves an insulting attack on the integrity of the judge, then recusal is required. *Taylor v. Hayes*, 418 U.S. 488, 501, 94 S.Ct. 2697, 2704, 41 L.Ed.2d 897 (1974); *Spruell v. Jarvis*, 654 F.2d 1090, 1095 (5th Cir.1981); *In re Dellinger*, 461 F.2d 389, 394 (7th Cir.1972). Here, we need not list with specificity the various statements made by the appellant contained in the record; we need only conclude that these statements are sufficiently personally offensive to require the recusal of Chief Judge McGarr and Judge Grady.

At oral argument the assistant United States attorney arguing on behalf of the Executive Committee noted that it would be difficult to find a judge in the district court who had not been insulted or maligned by the appellant. While it is true that if all judges are disqualified then none are disqualified, *Pilla v. American Bar Association*, 542 F.2d 56, 59 (8th Cir.1976), no such extreme situation is present here. Plaintiffs in *Turner v. American Bar Association*, 407 F.Supp. 451 (N.D.Tex.1975), *aff'd sub nom. Taylor v. Montgomery*, 539 F.2d 715 (7th Cir.1976), named as defendants the entire federal judiciary except a few judges whose names the plaintiffs had struck from a list of "Judges of the Federal Courts" attached to the complaint. The case was assigned to one of the judges whose name was struck from the list although the judge characterized the plaintiffs' action as a "vigorous" form of forum shopping. *Id.* at 457. Less extreme measures are all that are required here. There are judges in the district court whom the appellant has not insulted. The Executive Committee has the authority to assign the case to one of these judges.

Although we conclude that the Executive Committee improperly held the appellant in contempt, nothing in this opinion is intended to suggest that the Executive Committee does not have the jurisdictional competence to discipline the appellant for attorney misconduct. The disbarment order in this case, however, must fail because it is clear from the December 27, 1983, order that all of the sanctions imposed by the Executive Committee, the suspended prison sentence, the injunction, and the disbarment, were the result of the Committee's conclusion holding the appellant in contempt. Because that holding was flawed each of these sanctions must fail.

▇▇ Alternatively, the disbarment order cannot stand because three of the judges on the Executive Committee had "personal knowledge of disputed evidentiary facts" requiring disqualification under 28 U.S.C. § 455(b)(1). Among the disputed allegations is whether there is any truth to Jafree's charges that three of the judges who were on the Executive Committee conspired in bizarre ways to harm him. We need not list these allegations; it is enough to note that these three judges have "personal knowledge" regarding these allegations. This knowledge disqualifies them from sitting in the disciplinary proceeding against him.

### III

Because this case will be remanded with instructions to dismiss without prejudice and therefore further proceedings are at least possible, we comment on some of the other issues raised by the parties to this appeal.

First, one of the three grounds for contempt cited in the rule to show cause concerned an advertisement placed in a local newspaper by the appellant. We conclude that this conduct is protected by the first amendment and therefore cannot be ground for contempt. To be contemptuous a publication must actually interfere with the orderly administration of justice. *Bridges v. California*, 314 U.S. 252, 270, 62 S.Ct. 190, 197, 86 L.Ed. 192 (1941). An inherent tendency or a reasonable tendency to interfere is not enough. *Id.* at 273, 62 S.Ct. at 198. *See Wood v. Georgia*, 370 U.S. 375, 389, 82 S.Ct. 1364, 1372, 8 L.Ed.2d 569 (1962) (in absence of showing of substantive evil actually designed to impede course of justice, utterances entitled to protection). Here there is no showing that the advertisement actually interfered with the administration of justice in any manner; therefore the publication is entitled to protection. *In re Oliver*, 452 F.2d 111, 114–15 (7th Cir.1971). We need not decide whether the advertisement could form the basis for a disciplinary proceeding and therefore we express no view on the resolution of this constitutional issue.

Finally, the appellant never appeared before the Executive Committee and never responded to the merits of the rule to show cause. The only finding entered by the Executive Committee in the proceeding below was a finding that the appellant was the author of the materials attached to the rule to show cause; the Executive Committee held the appellant in contempt based on that finding. Something more is required. To amount to contempt, conduct must constitute a material disruption or obstruction of the judicial process and the court must enter findings concerning that disruption or obstruction. *United States v. Seale*, 461 F.2d 345, 369–70 (7th Cir.1972); *In re Dellinger, supra*, 461 F.2d at 400. On the other hand it is clear that contempt can be found in the cumulative impact of actions which taken alone might not amount to contempt. *In re Chaplain*, 621 F.2d 1272, 1276–77 (4th Cir.), *cert. denied*, 449 U.S. 834, 101 S.Ct. 106, 66 L.Ed.2d 40 (1980).

## IV

For the reasons stated, the order of the Executive Committee holding the appellant in contempt is vacated, and the case is remanded to the Executive Committee with instructions to dismiss the rule to show cause. This decision is without prejudice to a subsequent filing of a proper contempt citation.