**In re Bobby Noah GRAVEN & Millie Ann Graven, Debtors.**

**Richard V. FINK, Trustee, Plaintiff,**

v.

**Bobby Noah GRAVEN, et al., Defendants.**

**Bankruptcy No. 87–04885–S–2.**
**Adv. No. 89–6057–S–2.**

United States Bankruptcy Court, W.D. Missouri.

March 20, 1992.

---

Thomas J. O'Neal, Springfield, Mo., for trustee/plaintiff.

James R. Doran, Springfield, Mo., Sam Johnson, Riverdale, Ga., for defendants Graven.

Devon Sherwood & Richard Bender, Springfield, Mo., for Graven Auction Co., Inc. and Bobby F. Graven Trustee.

Rick Fink, Trustee.

## MEMORANDUM OPINION

FRANK W. KOGER, Chief Judge.

This case comes before the Court on Trustee's motion for summary judgment on Counts I, II, III and IX of his Second Amended Complaint. Trustee seeks to avoid certain transfers of real and personal property as fraudulent conveyances and seeks to deny Debtors their discharge under § 727.

Trustee's motion is based on this Court's order of May 22, 1989, issued in the Gravens' main case. *In re Graven*, 101 B.R. 109 (Bankr.W.D.Mo.1989). That order denied Gravens' motion to dismiss their Chapter 12 case and ordered the case converted to chapter 7 due to fraud on Debtors' part. *Id.* at 111. Trustee seeks to use the doctrine of collateral estoppel and the finding of fraud in that action to preclude relitigation of the fraud element in his claims that are based on Missouri's fraudulent conveyance statute, Mo.Rev.Stat. § 428.020 (1986) [1] as well §§ 548(a)(1) [2] and 727(a)(2) [3] of the Bankruptcy Code.

## DISCUSSION

 The elements of collateral estoppel which are recognized by the 8th Circuit were recently stated in *Johnson v. Miera (In re Miera)*, 926 F.2d 741 (8th Cir.1991), to be:

1. Missouri's fraudulent conveyance statute reads:

> **428.020. Conveyances to defraud creditors, void.**—Every conveyance ... of any estate or interest in lands, or in goods and chattels ... made or contrived *with the intent to hinder, delay or defraud* creditors ... shall be ... clearly and utterly void.

Mo.Rev.Stat. § 428.020 (1986) (emphasis added).

2. § 548(a) reads:

> The trustee may avoid any transfer of an interest of the debtor in property, or any obligation incurred by the debtor that was made or incurred on or within one year before the date of the filing of the petition, if the debtor voluntarily or involuntarily—
>
> (1) made such transfer or incurred such obligation *with actual intent to hinder, delay, or defraud* any entity to which the debtor was or became, on or after the date that such

transfer was made or such obligation was incurred, indebted....

11 U.S.C. § 548(a) (1988) (emphasis added).

3. § 727(a) reads in pertinent part:

> (a) The court shall grant the debtor a discharge, unless—
>
>   .    .    .    .
>
> (2) the debtor, *with intent to hinder, delay, or defraud* a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed or has permitted to be transferred, removed, destroyed, mutilated, or concealed—
> (A) property of the debtor, within one year before the date of the filing of the petition; or
> (B) property of the estate, after the date of the filing of the petition;
>
>   .    .    .    .    .

11 U.S.C. § 727(a)(2) (1988) (emphasis added).

(1) the issue sought to be precluded must be the same as that involved in the prior action;

(2) the issue must have been litigated in the prior action;

(3) the issue must have been determined by a valid and final judgment; and

(4) the determination must have been essential to the prior judgment.

*Miera,* at 743. In addition, when a litigant seeks to apply collateral estoppel against one who was not a named party in the previous case, there must be privity between the party against whom the estoppel is asserted and the named party who had the issue decided against them in the previous lawsuit. 1B, James Wm. Moore, Moore's Federal Practice ¶ 0.44[3–1] (2d ed. 1991). At minimum, the identity of interest between the party to the previous suit and the party to be estopped must be such that the party to be estopped had a full and fair opportunity to litigate the issue in the previous litigation.

■ The specific subsection at issue in the previous case was § 1208(d). That subsection reads:

On request of a party in interest, and after notice and a hearing, the court may dismiss a case under this chapter or convert a case under this chapter to a case under chapter 7 of this title upon a showing that the *debtor has committed fraud in connection with the case.*

11 U.S.C. § 1208(d) (1988) (emphasis not in original). The finding that was necessary to that case was that *Debtor had committed fraud in connection with the case.* But the element in common to Mo.Rev.Stat. § 428.020 and §§ 548 and 727 of the Code, and to which Trustee seeks to apply the doctrine of collateral estoppel, is that of *intent to hinder, delay, or defraud creditors.* The fraud element necessary to the judgment in the previous action is simply not the same as the intent to hinder, delay, or defraud creditors which is required in the instant action. This is so even though the evidence presented in the previous case will greatly overlap with that necessary in the instant case. The general proposition that there was fraud in connection with the

case does not necessarily imply the more specific intent to hinder, delay, or defraud creditors.

In its previous opinion, this Court stated that the actions of Debtor constituted a "clear pattern of deliberate fraud perpetrated with the intent to hinder, delay and defraud the creditors of the debtors." *Graven,* 101 B.R. at 111. Even though it appears that the Court specifically found the identical element required under the statutes at issue in this action, such finding was not *necessary* to the outcome of that case. It would be fundamentally unfair to summon a party into court with notice that the issue to be litigated was whether Defendant had committed fraud in connection with the case and then to use the findings in that proceeding to satisfy the element of intent to hinder, delay, or defraud creditors in a subsequent case. Before the doctrine of collateral estoppel may properly be applied, Defendant must have had, in the prior case, a fair and full opportunity to litigate the same issue under present consideration. Defendants simply had no such opportunity because the issue litigated previously was a broader issue and did not necessarily include the more narrow issue currently being considered.

■ Moreover, even if the above stated elements of collateral estoppel were fully met, the Court could not apply the doctrine to Counts I and III in this case. Those counts are fraudulent conveyance actions. Count I is brought under the Missouri fraudulent conveyance law, Mo.Rev.Stat. § 428.020 (1986), and Count III is brought under § 548 of the Code. In both actions, Trustee asks this Court to declare the transfers at issue to be void. The use of collateral estoppel is inappropriate where there is danger "of the potential adverse impact of the determination on ... the interests of persons not themselves parties in the initial action." Restatement (Second) of Judgments § 28(5) (1982). Of all the defendants in this action, Debtors were the only ones before the court in the § 1208 action. A finding that the transfers in question are void as to Debtors would necessarily have an adverse effect on the title

to the property of the parties to whom the transfers were made. But those entities were not before the Court in the previous litigation, so application of collateral estoppel to Defendants would adversely impact entities who have not had a full and fair opportunity to litigate the issue of the validity of the transfers in question.

The Court may grant Trustee's motion for summary judgment only if "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." The Trustee cannot use the doctrine of collateral estoppel to satisfy the element of intent to hinder, delay, or defraud creditors. The element of intent is a factual issue, therefore, there exists a factual dispute as to that element in Counts I, III, and IX which are based on Mo.Rev.Stat. 428.020, and §§ 548(a)(1) and 727(a)(2) of the Bankruptcy Code.

As to Count II, that count requests turnover of the subject property under § 542(a). The effect of § 542(a) is to compel those in possession of estate property to turnover such property to the trustee. *See United States v. Whiting Pools, Inc.*, 462 U.S. 198, 103 S.Ct. 2309, 2312, 76 L.Ed.2d 515 (1983). This count depends upon a finding in Count I that the subject property transfers were void under Mo. Rev.Stat. § 428.020. Because the Court cannot grant Trustee's motion as to Count I, there exists a factual issue as to whether the subject property is property of the estate.

## CONCLUSION

For the foregoing reasons, factual disputes exist as to Counts I, II, III, and IX, therefore, Trustee's motion for summary judgment must be DENIED.

The foregoing Memorandum Opinion constitutes Findings of Fact and Conclusions of Law as required under Rule 7052, Rules of Bankruptcy.

SO ORDERED.