**In re Estate of Bobby Noah GRAVEN, In re Estate of Millie Ann Graven, Deceased.**

**Richard V. FINK, Trustee, Plaintiff–Appellee,**

**v.**

**GRAVEN AUCTION COMPANY, INC.; Graven Realty, Inc.; and Bobby F. Graven, Trustee under the Bobby N. Graven Trust, Defendants–Appellants.**

**No. 94–2446.**

United States Court of Appeals, Eighth Circuit.

Submitted April 14, 1995.

Decided Sept. 5, 1995.

Rehearing Denied Oct. 10, 1995.

Before MAGILL and HANSEN, Circuit Judges, and STROM *, District Judge.

HANSEN, Circuit Judge.

The defendants appeal the district court's [1] order affirming the bankruptcy court's [2] order to set aside as fraudulent conveyances transfers the debtor, Bobby N. Graven, made to the defendants. The defendants assert that the findings of the lower courts were clearly erroneous. We affirm.

### I.

We have previously discussed the vast majority of the relevant facts. *See Graven v. Fink (In re Graven),* 936 F.2d 378, 380–82 (8th Cir.1991) *(Graven I ).* We repeat only the facts and background particular to this dispute. Bobby N. and Millie Graven filed a chapter 12 (family farmer reorganization) bankruptcy in November 1987. Prior to filing for bankruptcy, the Gravens transferred a substantial portion of their assets to two companies, Graven Auction and Graven Realty (both controlled by Bobby N. Graven), for little or no consideration. Graven Auction and Graven Realty subsequently conveyed many of those assets to the Bobby N. Graven Irrevocable Trust.

After a creditor made allegations of fraud, the bankruptcy court ordered the chapter 12 trustee to investigate the transfers and to file a report. The trustee eventually filed two reports, concluding that the Gravens had transferred property with the intent to "hinder, delay, and defraud" their creditors. The trustee also recommended filing fraudulent transfer actions to recover the property.

At a hearing on the trustee's reports, the Gravens moved to dismiss the chapter 12 case voluntarily. Based on the Gravens' fraudulent activity, the trustee filed a motion to convert the case from chapter 12 to chapter 7. The bankruptcy court converted the case to chapter 7, concluding that the Gra-

Will Fletcher, Springfield, MO, argued, for appellant.

Thomas O'Neal, Springfield, MO, argued (Richard L. Rollings, Jr., on the brief), for appellee.

---

* The HONORABLE LYLE E. STROM, United States District Judge for the District of Nebraska, sitting by designation.

1. The Honorable Scott O. Wright, Senior United States District Judge for the Western District of Missouri.

2. The Honorable Frank W. Koger, Chief Judge, United States Bankruptcy Court for the Western District of Missouri.

vens had acted with the intent to "hinder, delay, and defraud" their creditors. The district court affirmed and we affirmed as well. We concluded that the evidence abundantly supported the bankruptcy court's finding of fraud. We also concluded that the bankruptcy court committed no error in waiting to act on the Graven's motion to dismiss until the trustee completed the fraud investigation.

The trustee subsequently filed a complaint against the defendants in this case—Graven Auction, Graven Realty, and Bobby F. Graven, as trustee of the Bobby N. Graven Irrevocable Trust—seeking the return of the fraudulently transferred property and seeking a declaration that Graven Auction and Graven Realty both functioned as the alter ego of Bobby N. Graven. The bankruptcy court entered judgment for the trustee, it ordered the defendants to return the fraudulently transferred property, and further ordered Graven Auction and Graven Realty, as alter egos of Bobby N. Graven, to turn over their assets and books to Bobby N. Graven's bankruptcy estate.[3]

The defendants appealed to the district court. They raised four appeal points—two relating to the alter ego determination and two dealing with the fraudulent transfer findings. The district court affirmed in full, finding that the alter ego determination was not clearly erroneous and that the evidence fully supported the bankruptcy court's conclusion that the transfers were based upon actual fraudulent intent of the debtor. The defendants appeal.

## II.

The defendants have presented six issues on appeal: (1) Whether the district court erred in affirming the bankruptcy court's determination that the trustee proved fraud; (2) Whether the district court erred in affirming the judgment which was not "clear, definite, and certain"; (3) Whether the district court erred in affirming the judgment of the bankruptcy court converting the case from chapter 12 to chapter 7; (4) Whether the district court erred in affirming the bankruptcy court's denial of the Gravens' motion to dismiss the chapter 12 proceeding; (5) Whether the district court erred in affirming the bankruptcy court's finding that the transfers of assets from the Gravens to Graven Realty and Graven Auction were fraudulent transfers; and (6) Whether the district court erred in affirming the bankruptcy court's finding that transfers of stock from Graven Realty and Graven Auction to the Bobby N. Graven Irrevocable Trust were fraudulent transfers.

The defendants did not raise issues 2, 3, and 4 before the district court, and accordingly, those issues are not properly before this court here on appeal. *Dicken v. Ashcroft,* 972 F.2d 231, 234 (8th Cir.1992).[4] Thus, the only issues the defendants have preserved for review are those relating to the fraudulent transfers.

■ "A finding of fraud under the bankruptcy code is, we believe, a factual matter." *Graven I,* 936 F.2d at 382. Here, the bankruptcy court and the district court both found that the facts established fraud. Normally, such concurrent findings bring into play the "two-court rule" under which we "will not review concurrent findings of fact by two lower courts absent a 'very obvious and exceptional showing of error.'" *Judge v. Production Credit Ass'n of the Midlands,* 969 F.2d 699, 700 (8th Cir.1992) (quoting *Graver Tank & Mfg. Co. v. Linde Air Prod. Co.,* 336 U.S. 271, 275, 69 S.Ct. 535, 538, 93 L.Ed. 672 (1949)). Because the defendants have not made a "very obvious and exceptional showing of error," we need not review the defendants' arguments.

■ Moreover, in our view, this case involves the same facts and the same legal standard involved in *Graven I.* While the

3. The order also granted the trustee's request to deny the Gravens' chapter 7 discharge based on the fraud.

4. We also note that issues 3 and 4 were precisely the issues we examined in *Graven I.* While the doctrine of collateral estoppel might bar the defendants, who had a chance to litigate the issues in that case from relitigating the issues raised in the first appeal, we need not look to collateral estoppel because the issues were not brought before the district court and, therefore, are not properly before this court.

bankruptcy code sections involved in the two cases are different—in *Graven I* the issue was whether under section 1208(d) the Gravens engaged in fraudulent activity that would justify converting the case from chapter 12 to chapter 7, and in this case the trustee seeks to recover fraudulent transfers under either section 548(a) or section 544(b)—the governing legal standards are identical. In *Graven I*, we looked to the legal standards for fraudulent conveyances under section 548(a)(1) and under Missouri law (applicable under section 544(b)) [5] to determine whether the Gravens had engaged in fraudulent activity for the purposes of section 1208(d). Both section 548(a) and Missouri law define fraudulent conveyances as those conveyances made with the "intent to hinder, delay or defraud" creditors.

In *Graven I*, we concluded that the evidence abundantly supported the lower courts' conclusions that the Gravens made the transfers with the "intent to hinder, delay or defraud" their creditors and that there was no error in converting the case from chapter 12 to chapter 7. 936 F.2d at 383–84. The findings of fraud in *Graven I* applied to the transfers from the Gravens to Graven Auction and Graven Realty, as well as to the transfers from Graven Auction and Graven Realty to the Bobby N. Graven Trust.

The bankruptcy judge, who we affirmed in *Graven I*, reached the same conclusion in this case after reviewing the same facts and applying the same legal standards. The defendants have not attempted to distinguish this case from *Graven I*, nor have they even discussed *Graven I*. Thus, we conclude that *Graven I* is controlling authority in this case, and we affirm the findings and conclusions of the lower courts.

### III.

The final issue we must address is the trustee's request for sanctions against the defendants for a frivolous appeal. The deci-

sion to impose sanctions for a frivolous appeal is left to our discretion. *See* Fed. R.App.P. 38 ("If a court of appeals determines that an appeal is frivolous, it may ... award just damages"); *see also* 28 U.S.C. § 1912 (where a court of appeals affirms a judgment "the court in its discretion may adjudge to the prevailing party just damages"). While this appeal closely borders on the frivolous, we exercise our discretion by declining to impose sanctions.

### IV.

We affirm the judgment of the district court in full, and we deny the trustee's motion for sanctions.

---

5. Section 544(b) empowers the trustee to avoid transfers that are fraudulent and avoidable by an existing unsecured creditor under state law. Section 544(b) applies if an unsecured creditor existed at the time the transfer was made. If an unsecured creditor existed when the transfer was

made, section 544 may allow the trustee to reach back to transfers made more than one year before the bankruptcy filing, because the statute of limitations from the state or applicable nonbankruptcy law applies and may allow the avoidance of transfers more than one year old.