In re Bobby Noah GRAVEN and Bobby F. Graven as Personal Representatives for the Estate of Millie Ann Graven, Debtors.

Bobby Noah GRAVEN and Bobby F. Graven as Personal Representatives for the Estate of Millie Ann Graven, Plaintiffs,

v.

Richard V. FINK, Trustee, Defendant.

Bankruptcy No. 87–04885.
Adv. No. 95–6077.

United States Bankruptcy Court,
W.D. Missouri.

June 5, 1996.

had committed fraud under the Bankruptcy Code or Missouri law. *In re Graven*, 84 B.R. 630, 631–32 (Bankr.W.D.Mo.1988).

After conducting his investigation, the trustee submitted to this Court a preliminary investigation report and a supplemental preliminary report on November 18, 1988, and January 20, 1989, respectively. These reports detailed multiple transactions by the Gravens by which they transferred nearly all of their property to two closely held corporations which were controlled by Bobby N. Graven and of which Bobby N. Graven was the sole shareholder. Bobby N. Graven subsequently transferred the corporation's stock to a family trust. These transfers, which involved rather substantial holdings in real estate and cattle, were made for little or no consideration. The bankruptcy trustee concluded the Gravens had transferred the property with the intent to "hinder, delay, and defraud" their creditors and recommended filing actions to recover the property fraudulently transferred.

Jianbin Wei, Springfield, MO, for Debtors.

Thomas J. O'Neal, Springfield, MO, for Defendant Richard V. Fink.

### MEMORANDUM OPINION

FRANK W. KOGER, Chief Judge.

This adversary proceeding follows an extensive history in the federal court system arising from the filing of a voluntary petition under Chapter 12 of the Bankruptcy Code by Bobby N. Graven and Millie A. Graven, and this Court need not repeat the facts in detail.[1] However, the facts relevant to this adversary are as follows.

Bobby N. Graven and Millie A. Graven filed their voluntary petition as family farmers under Chapter 12 of the Bankruptcy Code on November 12, 1987. In January, 1988, the Gravens filed a plan of reorganization. Following the request of two of the Gravens' creditors, including their largest secured creditor, and following an evidentiary hearing, this Court ordered the trustee to investigate the possibility that the Gravens

At a January 24, 1989, hearing to consider the trustee's reports, the Gravens moved to dismiss their Chapter 12 proceedings under 11 U.S.C. § 1208(b). The trustee filed a motion to convert the case to Chapter 7 based on the alleged fraud by the Gravens. Following a hearing, this Court filed its order in which it held that the Gravens had engaged in a "clear pattern of deliberate fraud perpetrated with the intent to hinder, delay and defraud [their] creditors...." *In re Graven*, 101 B.R. 109, 111 (Bankr.W.D.Mo. 1989). Based on this finding, this Court granted the trustee's motion and converted the case to Chapter 7 pursuant to § 1208(d). *Id.* at 113. This Court's decision was affirmed by the District Court for the Western District of Missouri and the U.S. Court of Appeals for the Eighth Circuit. *Graven v. Fink (In re Graven)*, 936 F.2d 378 (8th Cir. 1991) (*Graven I*). In *Graven I*, the Eighth Circuit affirmed this Court's holding that a Chapter 12 case could be converted to a Chapter 7 case, and held specifically that this Court's conversion of the Gravens' case was

---

**1.** A detailed recitation of the facts may be found in *In re Graven*, 101 B.R. 109 (Bankr.W.D.Mo. 1989), and *Graven v. Fink (In re Graven)*, 936 F.2d 378 (8th Cir.1991).

**508**

proper because the evidence supported a finding of fraud.

Based on *Graven I*, the trustee filed a complaint against the Gravens [2] seeking the return of the fraudulently transferred property and seeking a declaration that Graven Auction and Graven Realty functioned as the alter ego of Bobby N. Graven. This Court denied the trustee's motion for summary judgment on the issue of fraudulent conversion because it determined a factual issue existed as to whether the Gravens had the specific intent to hinder, delay, or defraud their creditors. *Fink v. Graven (In re Graven)*, 138 B.R. 587 (Bankr.W.D.Mo.1992).

However, by Memorandum Opinion, this Court entered judgment on November 2, 1992 in favor of the trustee, and declared the transfers to be fraudulent and void; ordered all of Bobby N. Graven's property, including his stock in Graven Auction and Graven Realty, be turned over to the bankruptcy estate; found Graven Auction and Graven Realty to be the alter ego of Bobby N. Graven; ordered Graven Auction and Graven Realty to turn over all assets and books to the bankruptcy estate; ordered Bobby N. Graven to account for all assets; and denied the Gravens' discharge.

Following a hearing on the damages to the estate caused by the Gravens' fraud, on February 8, 1993, this Court entered another Memorandum Opinion in which it ordered the Gravens to turn over specified real property and awarded the trustee actual damages in the amount of $122,086.45 and punitive damages in the amount of $50,000.

For the second time, the district court and the Eighth Circuit Court of Appeals affirmed this Court's judgments, finding that *Graven I* was the law of the case and that the evidence supported the finding that the Gravens made the transfers with the "intent to hinder, delay or defraud" their creditors. *Fink v. Graven Auction Co. (In re Estate of Graven)*, 64 F.3d 453 (8th Cir.1995) (*Graven II*). The Gravens' Petition for Writ of Mandamus in

this action was denied by the U.S. Court of Appeals for the Eighth Circuit on March 5, 1996, and their Petition for Writ of Certiorari was denied by the Supreme Court of the United States in *Graven Auction Co. v. Fink*, — U.S. ——, 116 S.Ct. 1676, 134 L.Ed.2d 779 (1996). Thus, as it stands, the Gravens are under order to return the fraudulently transferred property to the bankruptcy trustee so that liquidation and distribution to creditors can be accomplished.

Presently, this Court is again called upon by the Gravens to deal with the issue of the fraudulent transfers. The Court is presented with three matters: (1) a First Amended Complaint for Independent Action for Relief From Involuntary Chapter 7 Liquidation Proceedings, Judgments, and Orders (hereafter "First Amended Complaint"), filed by the Gravens, in which they again allege their bankruptcy petition was improperly converted from Chapter 12 to Chapter 7, despite the holdings of the Eighth Circuit in *Graven I* and *Graven II*; (2) a Renewal of Motion to Disqualify, filed by the Gravens; and (3) a Motion for Sanctions, filed by the trustee.

### FIRST AMENDED COMPLAINT

The Gravens make two arguments in their First Amended Complaint: First, in Count I, they contend all the judgments and orders entered in the bankruptcy proceedings since the filing of their application for voluntary dismissal of the Chapter 12 case were void because the courts making those orders were without jurisdiction to do so because the case was converted to Chapter 7 in violation of §§ 303(a) and 1208(e). They contend those sections prohibit an involuntary case under Chapter 7 from being brought against a family farmer and prohibit an involuntary conversion of a Chapter 12 case to a Chapter 7 case.

Second, in Count II, they allege that assuming the Bankruptcy Code allows such an "involuntary conversion," such a conversion is allowed only upon a finding of fraud, and

**2.** The defendants in that suit included Graven Auction and Graven Realty, the two closely-held corporations to which the Gravens transferred most of their property, and the Bobby N. Graven Irrevocable Trust, the family trust to which the

corporations' stock was transferred. Millie Ann Graven died on September 28, 1989, and the Gravens' son, Bobby F. Graven, was substituted in her place as personal representative of her estate.

**509**

because there was no finding of fraudulent intent at the time this Court converted the case from a Chapter 12 to a Chapter 7 case, the conversion was improper. The Gravens seek a judgment against the trustee relieving them from all prior orders and judgments rendered after the filing of their application for voluntary dismissal in the Chapter 12 case; dismissing the current Chapter 7 case against them; ordering the trustee to return all of the Gravens' property in his possession to the Gravens; denying all fees for the trustee and his attorneys incurred after the application for voluntary dismissal; and awarding the Gravens' attorney fees incurred after their application for voluntary dismissal.

█ The trustee, through counsel, filed an answer to the Gravens' First Amended Complaint and a Motion to Dismiss the First Amended Complaint incorporating suggestions in support thereof. The trustee's Motion to Dismiss the First Amended Complaint is hereby granted because the issues raised by the Gravens in their First Amended Complaint have already been decided by the Eighth Circuit in *Graven I* and *Graven II.*

> The law of the case doctrine prevents relitigation of a settled issue in a case and requires that courts follow decisions made in earlier proceedings to insure uniformity of decisions, protect the expectations of the parties and promote judicial economy. When a case has been decided by this court on appeal and remanded to the district court, every question which was before this court and disposed of by its decree is finally settled and determined.

*Klein v. Arkoma Production Co.,* 73 F.3d 779, 784 (8th Cir.1996) (citations omitted). *See also Travelers Indem. Co. v. Gore,* 761 F.2d 1549, 1552 (11th Cir.1985) (a party cannot use an independent action as a vehicle for the relitigation of issues where he had a fair opportunity to make his claim or defense in the former action). As such, even if this Court were inclined to change the prior rulings, which it is not, this Court does not have power to do so. Nevertheless, because the Gravens accuse this Court, the district court, and the Eighth Circuit of being "unaware of

the existence of and/or fail[ing] to consider" two sections of the Bankruptcy Code, this Court will address the Gravens' argument one more time.

As discussed, *supra,* the very issues the Gravens raise in their First Amended Complaint, that the Bankruptcy Code prohibits conversion of a Chapter 12 case to a Chapter 7 case and that there was no finding of fraud, were expressly decided by this Court and twice affirmed by the district court and the Eighth Circuit. *Graven I* and *Graven II* clearly and unequivocally held that the conversion of a Chapter 12 case to a Chapter 7 case is permitted by the Bankruptcy Code, and that the conversion of the Gravens' case to Chapter 7 was proper because they had transferred their property with the intent to hinder, delay and defraud their creditors.

Despite this, the Gravens contend those decisions were erroneous because all of the previous decisions on this issue in this case, both from this Court and the Eighth Circuit, ignore §§ 303(a) and 1208(e) of the Bankruptcy Code. The Gravens' argument is without merit: those sections were "ignored" because they have no bearing on this case. Section 303, entitled "Involuntary cases," provides:

> (a) An involuntary case may be commenced only under chapter 7 or 11 of this title, and only against a person, except a farmer, family farmer, or a corporation that is not a moneyed, business, or commercial corporation, that may be a debtor under the chapter under which such a case is commenced.

Section 1208(e) provides:

> Notwithstanding any other provision of this section, a case may not be converted to a case under another chapter of this title unless the debtor may be a debtor under such chapter.

Focusing on the language as to family farmers contained in § 303(a), the Gravens contend that these two sections, read together, mean that a family farmer may not be a debtor under Chapter 7, so a Chapter 12 case cannot be involuntarily converted to a Chapter 7 case.

■ The Gravens wholly misinterpret the statutes. In the first place, § 303(a) deals with the *commencement* of an involuntary Chapter 7 or 11 case. Section 303(b) describes how a case is "commenced" and it should be quite obvious to the Gravens that this case does not fall *within any of the* described situations. It was *the Gravens* who voluntarily commenced a Chapter 12 case which was *converted* into a Chapter 7 case. Contrary to the Gravens' argument, an "involuntary conversion" (in the sense that a case is converted to another chapter against the debtor's wishes) is not the equivalent to the commencement of an involuntary case under § 303. In the latter, the debtor is *forced into bankruptcy* by other parties. In the former, the debtor *voluntarily entered into bankruptcy himself,* and for some reason (such as fraud), the court determines another chapter would be more appropriate for that debtor. In the case at bar, no Chapter 7 case was "involuntarily commenced" by anyone against the Gravens under § 303(a) or any other section. Because an involuntary Chapter 7 case was never "commenced" against the Gravens, § 303(a) has no application to the Gravens' situation.

■ The Gravens further contend that as family farmers, their case cannot be converted to Chapter 7 because family farmers cannot be debtors under that chapter. This argument is also without merit. As has been repeatedly held in this case, § 1208(d) specifically permits a Chapter 12 case to be converted to a case under Chapter 7.[3] As Chapter 12 applies exclusively to family farmers, the Gravens' suggested reading of § 1208(e) would make § 1208(d) (as well as several other sections referring to the conversion of a Chapter 12 case to Chapter 7) utterly meaningless. Moreover, not only is there no provision in the Bankruptcy Code stating that a family farmer cannot be a debtor under Chapter 7, § 109(b), which defines who may be a debtor under Chapter 7, mandates

that *all persons are eligible for liquidation under Chapter 7 except railroads, insurance companies and certain banking institutions.*[4] As such, contrary to the Gravens' assertion, the Bankruptcy Code clearly permits family farmers to be debtors under Chapter 7.

The Gravens' second argument, Count II, is that even if a Chapter 12 case can be converted to a Chapter 7 case, § 1208(d) allows such a conversion only upon a finding of fraud and that this Court had not made a finding of fraudulent intent at the time of the conversion of the case to Chapter 7. In support of their position, the Gravens point to *Fink v. Graven (In re Graven),* 138 B.R. 587, 590 (Bankr.W.D.Mo.1992), in which this Court denied the trustee's motion for summary judgment in the adversary proceeding against the two family corporations on the ground that there was a factual issue as to whether the Gravens acted with the intent to hinder, delay, or defraud their creditors in making the conveyances to the third parties. Based on this finding (that a factual issue as to the Gravens' intent to hinder, delay, or defraud creditors existed so as to prevent summary judgment), the Gravens contend this Court had not found the existence of fraud at the time the case was converted. Thus, according to the Gravens, "it would be terrible injustice [sic] to forcibly liquidate [the Gravens'] assets in this chapter 7 proceedings [sic] when the initial conversion was not based on and in the absence of a required factual finding."

Unfortunately, the Gravens have misunderstood this Court's holding in *In re Graven,* 138 B.R. 587. In that adversary, the trustee had filed a complaint seeking to avoid certain transfers of property as fraudulent conveyances and to deny the discharge under § 727. The trustee had filed a motion for summary judgment as to that complaint, asserting collateral estoppel and relying on the finding of fraud in the conversion case (*In re*

---

3. Section 1208(d) provides:
   On request of a party in interest, and after notice and a hearing, the court may dismiss a case under this chapter *or convert a case under this chapter to a case under chapter 7 of this title upon a showing that the debtor has committed fraud in connection with the case.*

(Emphasis added).

4. *See* House Report (Reform Act of 1978) comment to § 109(b), and Senate Report (Reform Act of 1987) comment to § 109(b).

*Graven,* 101 B.R. 109) to support a summary judgment on his claims based on the fraudulent conveyances. In other words, the trustee sought to use this Court's previous finding of fraud to support his motion for summary judgment on his action to recover the property on the basis of fraudulent conveyance.

■ This Court held in *In re Graven,* 138 B.R. 587, that the findings necessary for the two actions were different. In order to direct the case be converted to Chapter 7 (the issue in *In re Graven,* 101 B.R. 109), this Court was required to find, and did find, that *the Gravens had committed fraud in connection with the case.* 11 U.S.C. § 1208(d). In order to direct that the property be returned to the estate on the basis of fraudulent conveyance (the issue in *In re Graven,* 138 B.R. 587), this Court had to find *the Gravens had the intent to hinder, delay, or defraud creditors.* As this Court expressly stated in *In re Graven,* 138 B.R. 587:

> The fraud element necessary to the judgment in the previous action is simply not the same as the intent to hinder, delay, or defraud creditors which is required in the instant action. This is so even though the evidence presented in the previous case will greatly overlap with that necessary in the instant case. The general proposition that there was fraud in connection with the case does not necessarily imply the more specific intent to hinder, delay, or defraud creditors.

*In re Graven,* 138 B.R. at 589. Therefore, this Court found *when it converted the case to Chapter 7* that the Gravens *had committed fraud in connection with the case,* which was the necessary finding for such a conversion. Although it was not until later that this Court found the Gravens had *intended to hinder, delay, or defraud their creditors,* that more specific finding *was not necessary when the Court converted the case to Chapter 7.* As a result, the Court did make the necessary factual finding at the time it converted the case to Chapter 7, and the Gra-

vens' reliance on *In re Graven,* 138 B.R. 587, to support an allegation that this Court had not made that finding is misplaced. In fact, *In re Graven,* 138 B.R. 587, states the opposite of what the Gravens assert it says and directly supports the trustee's position that the required finding was made at the time of the conversion.

Because this Court again finds the Gravens' bankruptcy case was properly converted to a Chapter 7 case, the trustee's Motion to Dismiss the Gravens' First Amended Complaint is GRANTED and the Gravens' First Amended Complaint is DISMISSED.[5]

### RENEWAL OF MOTION TO DISQUALIFY

The Gravens have filed a Renewal of Motion to Disqualify in which, for the third time, they request this Court to disqualify itself.[6] The Gravens now assert that the addition of Count II to their First Amended Complaint should affect this Court's decision in ruling on the Motion to Disqualify.

■ As discussed, *supra,* Count II of the First Amended Complaint alleges that this Court's decision in *In re Graven,* 138 B.R. 587, shows that this Court had not made a finding of fraud when it converted the case to Chapter 7 in *In re Graven,* 101 B.R. 109. Thus, the Gravens assert that *In re Graven,* 138 B.R. 587, is inconsistent with *In re Graven,* 101 B.R. 109, and that:

> it would be most inappropriate for the Honorable Frank Koger to decide the second count of [the Gravens'] independent action because the Honorable Frank Koger's contradiction with respect to the intent element of fraudulent conveyance puts the Honorable himself right in the middle of the controversy[.] See *In re Jafree,* 741 F.2d 133, 135 (7th Cir.1984) (recusal is required when the judge becomes embroiled in the controversy).

The Gravens then contend that the Court may be required to testify as a witness as to

**5.** This ruling makes the Gravens' motion for partial summary judgment moot.

**6.** The Gravens filed a Motion to Disqualify on February 12, 1996, which this Court denied by Order dated February 26, 1996. The Gravens

then filed a Motion to Reconsider on March 5, 1996, which this Court denied by Order dated March 12, 1996, for the same reasons it originally denied the motion.

its state of mind at the times it authored the two allegedly contradictory opinions and that it would be "most unfair that Honorable Frank Koger be the judge of his own contradictions."

Once again, as explained both in this Court's Order denying the Motion to Disqualify and in the discussion of Count II of the First Amended Complaint, *supra*, this Court's opinion in *In re Graven*, 138 B.R. 587, does not contradict its opinion in *In re Graven*, 101 B.R. 109. There is no need for this Court to explain again why they are not contradictory. Those opinions, both of which were affirmed by the Eighth Circuit, speak for themselves. There is no conceivable reason why this Court would ever be required to testify as a witness to explain its state of mind when it authored them.

As a result, the Gravens' Renewal of Motion to Disqualify is DENIED.

## MOTION FOR SANCTIONS

█ Finally, this Court finds the Gravens' First Amended Complaint to be in violation of Fed.R.Bankr.P. 9011(a) in that it is not warranted by existing law or a good faith argument for the extension, modification or reversal of existing law, but rather is interposed for the purpose of causing unnecessary delay and needless increase in the cost of litigation of the case. The Gravens raise the very same issues previously decided against them on multiple prior occasions by the courts, including the Eighth Circuit Court of Appeals, and their new proposal as to the interpretation of the Bankruptcy Code is so stretched, it defies logic. This case, which was contrived as an attempt to defraud creditors, has been in the bankruptcy system since 1987, and the filing of this complaint is clearly an attempt to further prolong the fraud committed against the Gravens' creditors. The Gravens were warned by the Eighth Circuit in their last appeal when the Honorable Judge Hanson stated, "While this appeal closely borders on the frivolous, we exercise our discretion by declining to impose sanctions." *Graven II*, 64 F.3d at 456. This Court finds the Gravens have now crossed the border into frivolity. They have continued to abuse the bankruptcy system to perpetuate their fraud. Not only have they wasted this Court's time (and thereby taxpayer resources), they have wasted the time of the creditors, the trustee, and the trustee's attorney, and have caused the trustee to incur additional unnecessary expenses to defend this action. Consequently, this Court finds that the Gravens and their attorney who signed the First Amended Complaint and its related documents, Jianbin Wei, be sanctioned pursuant to Fed.R.Bankr.P. 9011(a). The Gravens and Mr. Wei are hereby ORDERED to pay the costs and reasonable attorney fees incurred by the trustee in responding to and defending against this complaint in the amount of $5,358.78, plus the reasonable fees and expenses for the trustee's attorney incurred at the last hearing in Kansas City, Missouri, the same to be a joint and several obligation of the parties and their counsel both.

## CONCLUSION

For the foregoing reasons, the Gravens' First Amended Complaint for Independent Action For Relief From Involuntary Chapter 7 Liquidation Proceedings, Judgments, and Orders is DISMISSED; the Gravens' Renewal of Motion to Disqualify is DENIED; and the Gravens and their attorney, Jianbin Wei, are ORDERED to pay sanctions in the amount of $5,358.78 plus the reasonable fees and expenses for the trustee's attorney incurred at the last hearing in Kansas City, Missouri, same to be a joint and several obligation of the parties and their counsel both.

So ORDERED.