# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-1261

_____

| | |
|---|---|
| In re: Bobby Noah Graven; | * |
| In re: Bobby F. Graven, Personal | * |
| Representative of the Estate of Millie | * |
| Ann Graven, Deceased, | * |
| | * |
| Debtors. | * |
| ---------------------------------------- | * |
| Bobby Noah Graven; Bobby F. Graven, | * |
| Personal Representative of the Estate of | * |
| Millie Ann Graven, Deceased, | * |
| | * |
| Plaintiffs-Appellants, | * |
| | * |
| Jianbin "Jim" Wei, | * |
| | * |
| Movant-Appellant, | * |
| | * Appeal from the United States |
| v. | * District Court for the |
| | * Western District of Missouri |
| Richard V. Fink, Trustee, | * |
| | * |
| Defendant-Appellee. | * |
| | * |
| Bob W. Crouch, | * |
| | * |
| Respondent-Appellee. | * |
| | * |
| Farmerland Mutual Insurance Company, | * |
| of Dade County, | * |
| | * |
| Respondent. | * |

```
                                    *
-----------------------------------  *
                                    *
Bobby Noah Graven; Bobby F. Graven,  *
Personal Representative of the Estate of  *
Millie Ann Graven, Deceased,         *
                                    *
       Debtors-Appellants,            *
                                    *
Jianbin "Jim" Wei,                   *
                                    *
       Movant-Appellant,              *
                                    *
       v.                            *
                                    *
Richard V. Fink,                     *
                                    *
       Trustee-Appellee.              *
                                    *
Thomas J. O'Neal,                    *
                                    *
       Interested Party.              *
                                    *
```

_____

Submitted:  March 10, 1999

Filed:  July 27, 1999

_____

Before McMILLIAN and MORRIS SHEPPARD ARNOLD, Circuit Judges, and
       NANGLE,[1] District Judge.

_____

[1]The Honorable John F. Nangle, United States District Judge for the Eastern
District of Missouri, sitting by designation.

McMILLIAN, Circuit Judge.

This is a consolidated appeal arising in a bankruptcy matter with a long and complex history. See Fink v. Graven Auction Co. (In re Graven), 64 F.3d 453 (8th Cir. 1995), cert. denied, 517 U.S.1189 (1996); Graven v. Fink (In re Graven), 936 F.2d 378 (8th Cir. 1991). Bobby N. Graven and Bobby F. Graven[2] (debtors), and their present attorney, Jianbin "Jim" Wei, now appeal from two final orders entered in the United States District Court[3] for the Western District of Missouri, affirming orders of the bankruptcy court[4] and granting additional relief to the trustee, Richard V. Fink (the trustee). See Graven v. Fink (In re Graven), Nos. 96-3388-CV-S-3/97-3044-CV-S-3 (W.D. Mo. Nov. 7, 1997) (affirming bankruptcy court's order and additionally imposing sanctions against debtors and their attorney pursuant to Fed. R. Civ. P. 11), aff'g 196 B.R. 506 (Bankr. W.D. Mo. 1996) (dismissing debtors' complaint entitled "Independent Action for Relief from Bankruptcy Proceedings, Judgments, and Orders" filed in Civ. No. 96-338 and imposing sanctions against debtors and their attorney under Fed. R. Bankr. P. 9011(a)); id., Nos. 96-3388-CV-S-3/97-3044-CV-S-3 (W.D. Mo. Nov. 17, 1997), aff'g No. 87-04885 (Bankr. W.D. Mo. Mar. 7, 1997) (amended order denying motion entitled "Amended Motion (1) to Rescind Orders Authorizing Certain Creditors to Guarantee the Payment of Trustee's Attorney's Fees; (2) to Remove Trustee and Trustee's Attorney under § 324(a); and (3) for Denial of All Compensation to Trustee's Attorney" filed in Civ. No. 97-3044). For reversal, debtors argue that the bankruptcy court erred in refusing to recuse itself, dismissing count I of the first amended complaint

---

[2]Millie Anne Graven was originally a party to the present litigation but died during the course of the proceedings. Bobby F. Graven was substituted as her personal representative.

[3]The Honorable Ortrie D. Smith, United States District Judge for the Western District of Missouri.

[4]The Honorable Frank W. Koger, Chief Judge, United States Bankruptcy Court for the Western District of Missouri.

in Civ. No. 96-3388, dismissing count II of the first amended complaint in Civ. No. 96-3388, ordering them to pay sanctions under Fed. R. Bankr. P. 9011(a), denying their motion to remove the trustee and the trustee's attorney, awarding attorney's fees to the trustee, denying their motion for attorney's fees, allowing creditors to guarantee payment of the trustee's attorney's fees, and denying their motion to compel. Debtors further argue that the district court erred in imposing sanctions against them under Fed. R. Civ. P. 11. Debtors' attorney, Wei, joins the appeal to seek relief from the sanctions for which he has been ordered jointly and severally liable.

Jurisdiction was proper in the district court under 28 U.S.C. § 158(a). Jurisdiction is proper in this court under 28 U.S.C. § 158(d). The notice of appeal was timely filed pursuant to Fed. R. App. P. 4(a) and 6(a).

We have carefully reviewed debtors' legal arguments in this appeal and find them to be without merit. Debtors are attempting to relitigate issues that have been previously decided by this court and are now governed by the law of the case. As to those issues not previously addressed by this court, we are of the opinion that they have been fully and correctly addressed below. We also believe that the district court and bankruptcy court were justified in imposing sanctions against debtors and that they have treated debtors fairly under the circumstances of this case. Although we have some doubts about the fairness of imposing sanctions jointly and severally against Wei, we cannot say that the lower courts abused their discretion in so doing.

In sum, because the district court and bankruptcy court have thoroughly explained their legal conclusions and have adequately justified their sanctions, and no error has occurred, we conclude that further discussion is not warranted. The orders of the district court are affirmed. See 8th Cir. R. 47B.

Also before this court is the trustee's "Motion to Dismiss and for Sanctions," filed in this court in response to the present consolidated appeal. Upon consideration

-4-

of that motion, we order debtors to pay the trustee's reasonable attorney's fees and expenses incurred in defending this consolidated appeal.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.